## No. 2946.

A. LARTIGUE *v.* ELIZA WHITE, wife of C. Bullitt, et als.

See the syllabus in the case of A. Lartigue v. Clara White, wife of Carl Kohn, No. 2945. It is applicable to this one. The two cases must be taken together.

APPEAL from the Fourth District Court, parish of Orleans. *Theard, J. E. Howard McCaleb,* for plaintiff and appellee. *Miles Taylor* and *William Grant,* for defendants and appellants.

ON MOTION TO DISMISS THE APPEAL.

HOWELL, J. For the reason given in the case of A. Lartigue *v.* Clara White et als., No. 2945,

It is ordered that the motion to dismiss be overruled.

---

WYLY, J., *dissenting.* I do not concur in the decision of the court on the question of jurisdiction presented in this case. I think the appeal should be dismissed for want of jurisdiction, the amount in dispute being less than $500.

This suit was brought by a creditor of the succession of Maunsel White, against his four heirs, who have been put in possession, to recover from them their respective shares of a debt due by said succession, the amount so due and in controversy between the plaintiff and each of the defendants being under $500, and the judgment rendered against each of them being under $500.

Whether the heirs were sued by the plaintiff separately, as they might have been, (C. C. 1376; C. P. 120; 5 R. 224;) or were all joined in the same action, can make no difference.

The prayer of the petition determines the character of the action.

The plaintiff prays that each of the four heirs of Maunsel White, deceased, be duly cited to answer, "and after due proceedings had,

they be each of them condemned to pay unto petitioner their respective shares of said sum of fifteen hundred dollars, proportionately to the amount received by them from the succession of Maunsel White, sr., with interest from judicial demand, etc."

Regarding the prayer of the petition, what does the character of the action appear to be ?

Is it an action against the defendants as representatives of the succession of their father; or is it an action against each of the heirs personally, for his virile share of his ancestor's debt ? If it be an action against them as representatives of the succession, of course the amount of the debt against the succession being $1500, is sufficient to give this court jurisdiction.

But if it be a mere personal action against each of the heirs to recover from him his virile share of his ancestor's debt, the amount sought to be recovered from each being less than $500, this court is without jurisdiction. I think this is a personal action against each of the heirs for the amount for which he has become liable by entering upon and distributing the estate of the deceased.

The obligation sought to be enforced against each of these defendants had its origin in a quasi contract. It sprung into existence the moment they did the act of taking possession and distributing among themselves the property of the succession. That moment the legal obligation arose between the plaintiff, a creditor of the succession, and each of the defendants, whereby they became bound to him as his debtors, and he acquired a personal action against them.

Until the heirs went into possession, the plaintiff, although holding an obligation against the succession, based on the contract between him and its executors, had no cause of action against them. If the succession had remained in the hands of its legal representatives and turned out insolvent, the plaintiff, although holding the obligation of the succession, would have had no legal obligation against these defendants—he would not have had a cause of action against them.

The object of this litigation is not to enforce an obligation of the succession, because the succession has not been sued. It is to enforce that obligation, springing from a quasi contract, which binds the defendants to the plaintiff as his debtors. And this illustrates that passage in article 1376, C. C., which says: "Thus the creditors of the succession must divide among the heirs the personal action which they have against them, and can not sue one for the portion of the other, or one for the whole debt." Then if the amount of the obligation sought to be enforced against each of these heirs be less than $500, which it is, this court has no jurisdiction. The fact that the petition contains several distinct independent demands against the several heirs for the virile share due by each, and the aggregate amount thereof exceeds

$500, does not give this court appellate jurisdiction. Consent can not give jurisdiction, and the cumulation of several actions in one can not give jurisdiction where it would not be had without it. In Duggan v. De Lizardi and others, 5 R. 224, this court remarked: "There appears to us to be a difference between the obligation of heirs and of joint obligors by contract. The law portions among the heirs all the charges of the inheritance, and each heir may be sued, perhaps separately, for his virile share. Not so, the co-obligors by a joint contract. The Code requires that all should be sued together. In the one case it is a condition of his inheritance that each heir shall pay his share of the debts, and he may exonerate himself by renouncing the succession; in the other, no one of the joint obligors can release himself at will."

In Merritt v. Hozey, sheriff, and others, 4 R. 319, it was held that "no appeal will lie from an action instituted against several defendants on an instrument by which they are bound severally, as sureties, for a fixed sum, where the amount claimed from each is under $300, though the whole claim exceed that sum. The defendants can not give jurisdiction by joining in one appeal, where they would have no right to be heard separately."

The case before us bears a striking analogy to the one to which I have just referred. There Hozey, the sheriff, and his sureties were sued for the aggregate amount of six hundred dollars, each one of the eight sureties binding himself in the bond for a share of the obligation of his principal; the amount assumed by each of the sureties being less than the amount required to give this court jurisdiction, it was held they could not by joining in one appeal give jurisdiction where they would have no right to be heard separately.

In that case the amount of the sheriff's bond was six hundred dollars, and as to him this court had jurisdiction, although as to his sureties it had not, because the sum claimed of each of them was less than three hundred dollars.

Here the sum due by the succession is $1500, and if the suit before us was against the succession this court would have jurisdiction. But the suit is against each of four heirs for his virile share of that debt, and the amount claimed of each is a sum below the jurisdiction of this court.

I repeat that the obligation sought to be enforced in this suit, is the legal obligation that sprung from a quasi contract the moment the heirs accepted the succession and went into its possession. That fact alone caused each one of these defendants to become the personal debtor of the plaintiff, a creditor of the succession, for his virile share of the debt of the estate.

This is the doctrine explicitly laid down in article 1372 C. C., which says: "The heirs by the fact alone of the simple acceptance of a

succession left them, contract the obligation to discharge all the debts of such succession, to whatever sum they may amount, though they far exceed the value of the effects composing it."

When I read the prayer of the petition by the light of this article and article 1376 C. C., I have no doubt as to the object of the action. It was to enforce that legal obligation incurred by the heirs alone by the fact of accepting the succession, against each of them for his virile share of the debt of the succession held by the plaintiff.

That virile share being less than $500, and being the amount in controversy between the plaintiff and each of the defendants, this court is without jurisdiction and the appeal should be dismissed.

For the reasons given I deem it my duty to render a dissenting opinion in this case.

## ON THE MERITS.

WYLY, J. The defendants, the heirs of Maunsel White, appeal from the judgment for fifteen hundred dollars against them for professional services rendered by the plaintiff, an attorney-at-law.

In 1864 the executors of White caused his will to be probated, and the plaintiff, then clerk of the court, drew the petition for them. For this service he was paid fifty dollars.

On the nineteenth of May, 1868, the plaintiff was admitted to the bar.

On the second of February, 1869, the executors wrote to the plaintiff that the heirs were about selling the property of the estate, and in order to do so they requested him to get the order putting them in possession of the property. He obtained, without opposition and by consent, this and two other orders—one discharging the executors and the other requiring the erasure of certain mortgages.

He was not the regular attorney for the executors and the heirs; but was only employed to do this particular service, which was not difficult nor such as involved any great responsibility.

We fix the value of the services at one hundred and fifty dollars.

It is therefore ordered that the judgment herein be amended by reducing the total amount thereof to one hundred and fifty dollars, and as thus amended let it be affirmed, appellee paying costs of appeal.

Rehearing refused.